UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BROADWALL MANAGEMENT CORP., CRESCENT LAND DEVELOPMENT ASSOCIATES, LLC, NORTH RIVERSIDE PARK ASSOCIATES, LLC, 261 FIFTH AVENUE, LLC, NORMANDY 261 FIFTH AVENUE, LLC, QUENTIN ROOSEVELT ASSOCIATES, LLC, FROEHLICH ASSOCIATES, LLC, 2001 MARCUS AVENUE, LLC, PINE VALLEY ASSOCIATES LLC, and FEIL-BLS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:22-cv-1506<br><br>JURY TRIAL DEMANDED<br><br>**NOTICE OF REMOVAL OF ACTION** |

**TO:   THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that Defendant Federal Insurance Company ("Federal") by and through its attorneys, Clyde & Co US LLP, respectfully notifies this Court of the removal of the above-captioned action filed by Plaintiffs Broadwall Management Corp., Crescent Land Development Associates, LLC, North Riverside Park Associates, LLC, 261 Fifth Avenue, LLC, Normandy 261 Fifth Avenue, LLC, Quentin Roosevelt Associates, LLC, Froehlich Associates, LLC, 2001 Marcus Avenue, LLC, Pine Valley Associates LLC, and Feil-BLS, LLC (collectively "Plaintiffs"), from the Supreme Court of the State of New York to the United States District Court for the Southern District of New York. The removal of this action is made pursuant to 28 U.S.C.

§§ 1332, 1441 and 1446 and is appropriate on the basis of diversity. In support hereof, Federal states as follows:

## I.     INTRODUCTION

1. On or about November 12, 2021, Plaintiffs filed a Complaint captioned: *Broadwall Management Corp., Crescent Land Development Associates, LLC, North Riverside Park Associates, LLC, 261 Fifth Avenue, LLC, Normandy 261 Fifth Avenue, LLC, Quentin Roosevelt Associates, LLC, Froehlich Associates, LLC, 2001 Marcus Avenue, LLC, Pine Valley Associates LLC, and Feil-BLS, LLC v. Federal Insurance Company*, Index No. 656468/2021, in the Supreme Court of the State of New York, County of New York.  A copy of Plaintiffs' Summons and Complaint, and all other pleadings filed in this matter, is attached to this Notice of Removal as **Exhibit A** ("Summons" and "Complaint").

2. On January 24, 2022, Federal's agent was first served a copy of Plaintiffs' Summons and Complaint.

3. Federal believes that Plaintiffs' claims are without merit.

4. Federal has not made any filings in the state court action.

5. Venue is proper in this Court pursuant to 28 U.S.C. §112(b) because it is the district embracing the place where such action is pending in accordance with 28 U.S.C. §1441(a).

6. This Notice of Removal is being filed within thirty days of Federal's receipt of service of Plaintiffs' Summons and Complaint, as required by 28 U.S.C. § 1446(b).

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), because this is an action between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* **Exhibit A**.

## II.  DIVERSITY OF CITIZENSHIP OF THE PARTIES

8. Federal district courts have original jurisdiction over civil actions where the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).

9. Federal jurisdiction exercised pursuant to diversity of citizenship requires that each plaintiff be diverse from every defendant. *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998).

10. "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). *See*, *e.g.*, *Caren v. Collins*, 689 F. App'x 75, 76 (2d Cir. 2017).

11. The Complaint alleges Broadwall Management Corp. is a domestic corporation duly organized and existing under and by virtue of the laws of New York, having its principal place of business at 370 7th Avenue, New York, New York 10001.  *See* **Exhibit A** ¶ 11.

12. The citizenship of a limited liability corporation is determined by the citizenship of each of its members. *See*, *e.g.*, *Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

13. The Complaint alleges Crescent Land Development Associates, LLC, is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York, having its principal place of business at 3507-3563 Hempstead Turnpike, Levittown, New York. *See* **Exhibit A** ¶ 12.

14. The Complaint alleges North Riverside Park Associates, LLC is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Illinois and

having its principal place of business at 7501 West Cermak Road, North Riverside, Illinois. *See* **Exhibit A** ¶ 13.

15. The Complaint alleges Quentin Roosevelt Associates, LLC is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, having its principal place of business at 100 Quentin Roosevelt Boulevard, Garden City, New York. *See* **Exhibit A** ¶ 14.

16. The Complaint alleges 261 Fifth Avenue, LLC is a domestic limited liability company duly organized and existing under and by virtue of the laws of New York, having its principal place of business at 261 Fifth Avenue, New York, New York. *See* **Exhibit A** ¶ 15.

17. The Complaint alleges Normandy 261 Fifth Avenue, LLC is a domestic limited liability company duly organized and existing under and by virtue of the laws of New York, having its principal place of business at 261 Fifth Avenue, New York, New York. *See* **Exhibit A** ¶ 16.

18. The Complaint alleges Froehlich Associates, LLC is a foreign limited liability company duly organized and existing under and by virtue of the laws of Delaware, having its principal place of business at 7 Penn Plaza, Suite 1100, New York, New York. *See* **Exhibit A** ¶ 17.

19. The Complaint alleges 2001 Marcus Avenue, LLC is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business at 2001 Marcus Avenue, Lake Success, New York. *See* **Exhibit A** ¶ 18.

20. The Complaint alleges Feil-BLS, LLC is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York, having its principal place of business at 356 Fulton Street, Brooklyn, New York. *See* **Exhibit A** ¶ 19.

21. The Complaint does not contain any allegations regarding the citizenship of any of the members of the named Plaintiffs which are limited liability companies, including: Crescent Land Development Associates, LLC, North Riverside Park Associates, LLC, 261 Fifth Avenue, LLC, Normandy 261 Fifth Avenue, LLC, Quentin Roosevelt Associates, LLC, Froehlich Associates, LLC, 2001 Marcus Avenue, LLC, Pine Valley Associates LLC, and Feil-BLS, LLC (collectively the "LLC Plaintiffs").

22. Counsel for Federal went through diligent efforts to obtain information regarding the citizenship of the members for each of the LLC Plaintiffs, and has exhausted every publicly available means of obtaining additional information regarding the citizenship of the members for each of the LLC Plaintiffs. *See* Declaration of Nicholas S. Pradaxay, Esq. ("Pradaxay Dec.") at ¶¶ 15-20.

23. Federal is a corporation formed under the laws of Indiana with its principal place of business located in New Jersey. Federal therefore is a citizen of Indiana and New Jersey.

24. Based on the allegations set forth in Plaintiffs' Complaint (*see* **Exhibit A**) and the diligent efforts made by Federal's counsel to determine the citizenship of the individual members of each of the LLC Plaintiffs (*see* Pradaxay Dec. at ¶¶ 15-20), Federal has no reason to believe that the removal of this action pursuant to 28 U.S.C. § 1332(a) is not appropriate on the basis of diversity.

25. As a result, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a).

26. In the event that this Court find that the diversity requirements under 28 U.S.C. §§ 1332, 1441 and 1446 are not met, the parties should be permitted to conduct limited discovery with respect to this jurisdictional issue; namely, Federal should be permitted to conduct limited discovery to determine the citizenship of the individual members of the LLC Plaintiffs.

### III.   AMOUNT IN CONTROVERSY

27.   Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

28.   The jurisdictional amount in controversy under 28 U.S.C. § 1332(a)(1) is satisfied because the nature and substance of the dispute alleged in the Complaint demonstrate that the amount in controversy, exclusive of interest and costs, is in excess of $75,000. In their Complaint, Plaintiffs seek a judgment in the amount of $7,638,133.00, together with such additional and subsequent damages as may be proven at trial, against Federal.  *See* **Exhibit A** ¶ 75.

29.   Based on the allegations and causes of action set forth in the Complaint, there is no question that the amount in controversy exceeds the jurisdictional limit of $75,000.

30.   Accordingly, this Honorable Court has the authority to exercise jurisdiction over this matter by virtue of 28 U.S.C. § 1332, et seq. and 28 U.S.C. § 1441, *et seq*.

### IV.   FILING OF REMOVAL PAPERS

31.   Federal will, upon filing of this Notice of Removal, as required by 28 U.S.C.§ 1446(d), file a copy of the Notice of Removal with the Clerk of the Supreme Court of New York, County of New York, and will serve a copy of same upon all counsel of record.

32.   No previous application has been made for the relief requested herein.

**WHEREFORE**, based on the foregoing, Federal respectfully requests that Plaintiffs' action captioned *Broadwall Management Corp., Crescent Land Development Associates, LLC, North Riverside Park Associates, LLC, 261 Fifth Avenue, LLC, Normandy 261 Fifth Avenue, LLC, Quentin Roosevelt Associates, LLC, Froehlich Associates, LLC, 2001 Marcus Avenue, LLC, Pine Valley Associates LLC, and Feil-BLS, LLC v. Federal Insurance Company*, Index No.

656468/2021, in the Supreme Court of the State of New York, County of New York, be removed to the United States District Court for the Southern District of New York.

In the alternative, and in the event that this Court find that the diversity requirements under 28 U.S.C. §§ 1332, 1441 and 1446 are not met, Federal respectfully requests that Federal should be permitted to conduct limited discovery with respect to this jurisdictional issue; namely, Federal respectfully requests that Federal be permitted to conduct limited discovery to determine the citizenship of the individual members of the LLC Plaintiffs and/or any other information relevant to meeting the diversity requirements under 28 U.S.C. §§ 1332, 1441 and 1446.

Dated:  February 23, 2022

Respectfully submitted,

**CLYDE & CO US LLP**

By:   s/ Daren S. McNally
Daren S. McNally
Barbara M. Almeida
Meghan C. Goodwin
Nicholas S. Pradaxay
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
T: (212) 710-3900
daren.mcnally@clydeco.us
barbara.almeida@clydeco.us
meghan.goodwin@clydeco.us
nicholas.pradaxay@clydeco.us

*Attorneys for Defendant*
*Federal Insurance Company*