```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
BROADWALL MANAGEMENT CORP. et al.,                  :
                                                    :
                           Plaintiffs,,             :
                                                    :           22-CV-1506 (JMF)
           -v-                                      :
                                                    :              ORDER
FEDERAL INSURANCE COMPANY,                          :
                                                    :
                           Defendant.               :
                                                    :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On February 23, 2022, this action was removed from the Supreme Court of New York, New York County, by Defendant Federal Insurance Company ("FIC"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See* ECF No. 1 ("Notice of Removal"). "To remove a case to federal court based on diversity jurisdiction," as FIC attempts to do here, "the defendant must aver that all of the requirements of diversity jurisdiction are met, including complete diversity of citizenship." *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 220 (S.D.N.Y. 2013) (citing *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011)). Because a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens, *see, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000), a notice of removal premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC, *see id.*; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010); *Lewis v. Allied Bronze LLC*, No. 07-CV-1621 (BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (remanding removed action for lack of diversity jurisdiction).

In the present case, the Notice of Removal fails to do so. Although some of the Plaintiffs are LLCs, *see* Notice of Removal ¶¶ 13-20, FIC does not allege the citizenship of the constituent members of those LLCs, *see id.* ¶ 24. Instead, FIC simply states it "has no reason to believe that the removal of this action pursuant to 28 U.S.C. § 1332(a) is not appropriate on the basis of diversity." *Id*. FIC further requests that, "[i]n the event that this Court find [sic] that the diversity requirements . . . are not met, . . . [FIC] should be permitted to conduct limited discovery to determine the citizenship of the individual members of the LLC Plaintiffs." *Id*. ¶ 26. While the Court "has [the] authority to order jurisdictional discovery," generally speaking, "[c]ourts have allowed jurisdictional discovery where there has been a threshold showing for some basis to assert jurisdiction, such as facts that would support a colorable claim of jurisdiction." *Mills 2011 LLC*, 921 F. Supp. 2d at 228 (S.D.N.Y. 2013) (declining request for jurisdictional discovery where removing party "ha[d] not presented any facts from which the

Court c[ould] conclude it ha[d] a colorable claim to jurisdiction"); *see also, e.g.*, *Lettman v. Bayview Loan Servicing, LLC*, No. 19-CV-3204 (BMC), 2019 WL 2504015, at *1-2 (E.D.N.Y. June 17, 2019) (same where the removing party did "not provide the Court with the identity of any members of [the] LLCs or their members' citizenship" and instead "provided a declaration" which stated that "tracing the lineage of each member of [the plaintiff LLCs], at all levels, [the declarant did] not believe that any of the relevant entities or individuals are considered to be New York State residents for purposes of assessing diversity"). FIC has failed to present facts that would support a "colorable claim to jurisdiction." *Mills 2011 LLC*, 921 F. Supp. 2d at 228; *see* Notice of Removal ¶ 24 (stating FIC "has no reason to believe that the removal of this action pursuant to 28 U.S.C. § 1332(a) is not appropriate on the basis of diversity"). Accordingly, before the Court will order any jurisdictional discovery, FIC must first amend its Notice of Removal to do so. *See, e.g.*, *Mills 2011 LLC*, 921 F. Supp. 2d at 228.

In light of the foregoing, it is hereby ORDERED that, no later than **March 17, 2022**, FIC shall amend its Notice of Removal to allege a good-faith basis for diversity jurisdiction. If, by that date, FIC is unable to file such an amended Notice of Removal, then the action will be remanded to the Supreme Court of New York, New York County, without further notice to the parties. FIC's request for jurisdictional discovery is DENIED without prejudice to renewal after the filing of any such amended Notice of Removal. Furthermore, FIC's answer deadline is hereby EXTENDED until **two weeks after the filing of any amended Notice of Removal**.

Finally, FIC is directed to, **within two business days of this Order**, serve on Plaintiffs a copy of this Order and to file proof of such service on the docket. Counsel for Plaintiffs are directed to file a notice of appearance on the docket **within two business days of such service**

SO ORDERED.

Dated: March 3, 2022
New York, New York

JESSE M. FURMAN
United States District Judge